ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SLAWOMIR CHRZAN,

**Docket No.:**

Plaintiff,

-against-

40 EXCHANGE PLACE CORP., LEAH WEISS, **JURY TRIAL DEMANDED**
MK PROPERTY MANAGEMENT USA CORP., and
MIROSLAW KARWOWSKI,

Defendants.
---------------------------------------------------------------X

## COMPLAINT

Plaintiff, Slawomir Chrzan ("Chrzan" or "Plaintiff") by his attorneys, Robert Wisniewski P.C., as and for his Complaint against the Defendants 40 Exchange Place Corp. ("40 Exchange Place"), MK Property Management USA Corp. ("MK Property.") (collectively, the "Corporate Defendants"), Leah Weiss ("Weiss"), and Miroslaw Karwowski ("Karwowski"), (collectively, the "Individual Defendants"), state as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as

amended (29 U.S.C. § 201 et seq.) ("FLSA"), and the various regulations and policy statements promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to, Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146; and the common law of the State of New York.

2. Plaintiff also brings this action against Defendants for their failure to comply with the New York Labor Law ("NYLL") §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide annual wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be up to a maximum of $2,500.00 or $5,000.00.

3. The Individual Defendants are officers, shareholders, managers and/or majority owners of the Corporate Defendants.

4. The Corporate Defendants are in the business of building management and leasing in New York City.

5. Plaintiff was employed by Corporate Defendants as an electrician at various buildings that the Corporate Defendants manages.

6. Plaintiff was an employee of the Corporate Defendants during the six years immediately preceding the initiation of this action and has performed labor and services as an employee as defined by the FLSA, New York Labor Law, and the various regulations,

policy statements, and wage orders promulgated thereunder, but Plaintiff has not received the compensation required by the FLSA, New York Labor Law, the various regulations, policy statements, and wage orders promulgated thereunder, and the common law of the State of New York.

7. As such, Plaintiff was covered by, and/or intended to benefit from, the provisions of the FLSA and New York Labor Law, the various regulations and wage orders promulgated thereunder, and/or the common law of the State of New York in respect to his work for Defendants.

8. Plaintiff regularly worked over 40 hours per week, but was not properly compensated for the hours he worked over 40 in a given workweek.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff, at all relevant times herein, was and still is a resident of the State of New York, County of Queens.

10. Defendant 40 Exchange Place, at all relevant times herein was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 1425 37th Street, Brooklyn, New York, 11218.

11. Defendant MK Property, at all relevant times herein was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 85-19 66th Avenue, Rego Park, New York, 11374.

12. At all relevant times herein, the Corporate Defendants transacted and still transact

substantial business and derived and still derive substantial revenue from services rendered in the State of New York.

13. Defendant Weiss at all relevant times herein was and is a resident of the State of New York, County of Kings.

14. Defendant Karwowski at all relevant times herein was and is a resident of the State of New York, County of Queens.

15. Individual Defendants holds himself out as the Principal, Chief Operating Officer, Founder, President and CEO of the Corporate Defendants and was and is an officer, director, employee, agent, manager and/or majority shareholder or owner of the Corporate Defendants and, as one of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 201 et seq. (FLSA); and 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants produce, sell, handle or otherwise work on goods that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

18. This Court has personal jurisdiction over the Individual Defendants in that they are citizens and residents of the State of New York.

19. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

20. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

*Facts Relating to Plaintiff's Employment*

21. Corporate Defendants are engaged in the business of residential building management and leasing in New York City.

22. On or about summer 2007, Plaintiff entered into an oral contract with Defendants MK Property, whereby Plaintiff would serve as an electrician and work for Defendants MK Property in exchange for a specific hourly wage of $20 an hour. The oral agreement with the Corporate Defendant dictated that Plaintiff's regular work hours would be from 8:00 a.m. to 5:00 p.m., Monday through Friday, with a half an hour paid lunch break. Shortly thereafter, Plaintiff received a raise to $25 an hour, which the Plaintiff maintained until his departure from Defendants employment.

23. In addition to Plaintiff's regular hours, Plaintiff worked Saturday's 8:00am to 4:00pm, at least three times a month.

24. At all relevant times herein, Plaintiff worked as an electrician at Defendants' building located at 40 Exchange Place, New York, NY 10005 and at 247 West 38th Street, New York, New York 10018. At all relevant times herein, Plaintiff provided building maintenance services, performing the work of an electrician in various buildings managed by the Corporate Defendants.

25. Plaintiff worked an average of 45 hours per week, not including Saturday. When Plaintiff did work Saturdays, he worked an average of 53 hours a week.

26. From the onset of Plaintiff's employment with the Defendants, until March 2015, Plaintiff was not paid any premium rate for his work in excess of forty hours per week.

27. Despite being a non-exempt employee performing non-exempt duties throughout his employment, Plaintiff was not compensated for any hours worked over 40 in a given workweek, either at the regular rate or at the premium overtime rate.

28. Plaintiff's employment ended in or about July 2015.

***Corporate Defendants and Individual Defendants are Joint Employers***

29. The Individual Defendants had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.

30. At all relevant times herein, upon information and belief, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendants.

31. At all times relevant herein, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and/or signing or issuing checks to the Plaintiff and by virtue of his position with the Corporate Defendants have been responsible for the proper management and handling of the payroll and payroll calculations for the Corporate Defendants.

32. At all relevant times, the Individual Defendants have operational control of the Plaintiff's employment by virtue of his financial control over the Corporate Defendants and over the

Plaintiff's wages.

33. At all times herein, the Individual Defendants have conducted business as the Corporate Defendants.

34. At all times relevant herein, the Individual Defendants have acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as officers, agents and employees of the Corporate Defendants, and has acted in the course and scope of their duties and functions as agents, employees and officers of the Corporate Defendants.

35. At all relevant times, the Individual Defendants had operational control over the Corporate Defendants.

36. Upon information and belief, the Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendants, have assumed personal liability for the claims of the Plaintiff herein.

37. As a matter of economic reality, all Defendants are joint employers of the Plaintiff and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

***Facts Relating to Defendants' New York Labor Law § 195.1 Violation***

38. In accordance with the New York Labor Law §195.1, which is operative as of January, 2011, on an annual basis Defendants had to present for signature to each employee a wage notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or

otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

39. Plaintiff never received and never signed the Wage Notice.

40. Defendants were aware or should have been aware that this practice was in violation of New York Labor Law, but continued to willfully engage in this unlawful practice.

41. Upon information and belief, Defendants continue to violate NYLL §195.1 to date.

***The Corporate Defendants are the Alter Egos of the Individual Defendants and Vice Versa***

42. Upon information and belief, the Corporate Defendants are controlled by the Individual Defendants, and upon information and belief, mutually provides supportive services to the substantial advantage such that the entity is operationally interdependent therefore, must be treated as a single enterprise.

43. At all times herein, upon information and belief, the Individual Defendants used the Corporate Defendants in order to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

44. Upon information and belief, in conducting the affairs of Corporate Defendants, the Individual Defendants failed to comply with the corporate formalities, usurped the assets of the Corporate Defendants for personal use, and commingled his personal assets with the assets of Corporate Defendants.

45. Upon information and belief, the Corporate Defendants are the alter egos of the

Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate Defendants have no separate legal existence from the Individual Defendants.

***Defendants' Failure to Pay Proper Wages was Willful***

46. Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at an overtime premium of 150% of his regular rate for each hour worked in excess of 40 and to make, keep and preserve proper payroll records.

47. The Individual Defendants were aware of their requirement to pay Plaintiff for each hour worked and at an overtime premium of 150% of his regular rate for each hour worked in excess of 40 hours per week.

48. As such, the various violations of the law which are alleged herein were committed intentionally and/or willfully by the Individual Defendants.

49. Defendants have failed to take any steps to ascertain their duties with respect to the payment of wages to employees.

50. Defendants willfully and intentionally refused to pay Plaintiff any compensation for hours worked beyond 40 hours per week.

51. Defendants wilfully and intentionally refused to pay Plaintiff at an overtime rate for hours worked beyond 40 hours per week.

52. Defendants willfully and intentionally refused to pay Plaintiff on time, despite of the fact that Plaintiff complained, on a routine basis, to his supervisors that he was not receiving his pay.

53. As a result, the various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract against all Defendants)

54. Plaintiff repeats and realleges each and every allegation as previously set forth.

55. The respective Plaintiff and Defendants had an oral contract to perform work for Defendants, whereby Plaintiff would provide building maintenance services as an electrician for compensation in the form of a specific hourly wage for all hours worked.

56. This oral contract called for Plaintiff to be paid a specific hourly wage in exchange for Plaintiff working a specified number of hours.

57. Plaintiff satisfactorily supplied labor and complied with the terms of his employment agreement with Defendants and was therefore entitled to wages he rightfully earned while working for the Defendants.

58. Defendants' failure or refusal to pay Plaintiff's wages to which he was entitled under the respective employment agreement with Defendants constitutes a breach of Plaintiff's respective employment agreement with Defendants.

59. That by virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit against all Defendants)

60. Plaintiff repeats and realleges each and every allegation previously set forth.

61. Plaintiff performed work and services as a porter for Defendants in good faith.

62. Defendants, by employing Plaintiff, voluntarily accepted Plaintiff's services.

63. Plaintiff had a reasonable expectation of payment for the hours worked for Defendants, but Defendants failed to remunerate Plaintiff for all the hours worked.

64. Plaintiff was entitled to payment for the unpaid hours worked for Defendants at a rate which constitutes the reasonable value of his services, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law against all Defendants)

65. Plaintiff repeats and realleges each and every allegation previously set forth.

66. Pursuant to New York Labor Law Articles 6 and 19 and the wage orders promulgated thereunder by the New York State Department of Labor, Plaintiff was entitled to regular wages and overtime wages, which the Defendants intentionally failed to pay in violation of such laws.

67. Wherefore Plaintiff seeks a judgment against all Defendants for all unpaid wages and unpaid overtime wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the wage orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages and/or unpaid overtime wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest and costs as provided under the

New York Labor Law.

## FOURTH CLAIM FOR RELIEF
### (Violation of New York Labor Law § 195.1)

68. Plaintiff repeats and realleges each and every allegation previously set forth.

69. New York Labor Law §195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

70. Plaintiff did not receive and never signed the Wage Notice.

71. Defendants were aware or should have been aware that this practice violates New York Labor Law.

72. Upon information and belief, Defendants' violations are continuing through the present.

73. As a result of Defendants' violation of NYLL §195.1, Plaintiff is entitled to statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.

## FIFTH CLAIM FOR RELIEF
### (FLSA against all Defendants)

74. Plaintiff repeats and realleges each and every allegation previously set forth.

75. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 201 et seq., and the

regulations and policy statements issued under the FLSA in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq., Plaintiff was entitled to an overtime hourly wage of time and one-half his regular hourly wage for all hours worked in excess of forty hours per week.

76. Plaintiff worked more than forty (40) hours per week for Defendants, and Defendants willfully failed to make said wage and/or overtime payments.

77. Plaintiff seeks a judgment for all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Back pay and front pay;

3. Liquidated damages pursuant to FLSA and New York Labor Law;

4. Plaintiff's costs and reasonable attorney's fees;

5. Pre-judgment interest; and

6. Together with such other and further relief that the Court deems just.

Dated: New York, NY
      December 21, 2016

                                    ROBERT WISNIEWSKI P.C.

                                    By: *Robert Wisniewski* (db)
                                    Robert Wisniewski
                                    Robert Wisniewski, P.C.
                                    Attorneys for Plaintiff
                                    225 Broadway, Suite 1020
                                    New York, New York 10007
                                    (212) 267-2101