ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
SLAWOMIR CHRZAN,

                                Plaintiff,

**Docket No.:**
**16-cv-7037-ARR-RLM**

     -against-

40 EXCHANGE PLACE CORP., 247 WEST 38TH REALTY
CORP., LINDEN REALTY ASSOCIATES LLC,
MK PROPERTY MANAGEMENT USA CORP.,
M. K. MANAGEMENT USA, LLC,
MK MANAGEMENT LLC, LEAH WEISS,
and MIROSLAW KARWOWSKI,

**JURY TRIAL  DEMANDED**

                           Defendants.
---------------------------------------------------------------------------X

## AMENDED COMPLAINT

     Plaintiff Slawomir Chrzan ("Plaintiff") by his attorneys, Robert Wisniewski P.C., as

and for his Amended Complaint against the Defendants 40 Exchange Place Corp. ("40 Exchange

Place"), 247 West 38th Realty Corp. ("247 West"), Linden Realty Associates LLC ("Linden

Realty")(40 Exchange Place, 247 West, and Linden Realty are, collectively, the "Weiss

Corporations"), which are owned by Defendant Leah Weiss  ("Weiss") and her family; M. K.

Management USA, LLC ("M. K. Management") ,MK Management LLC ("MK Management")

and MK Property Management USA Corp. ("MK Property")(M. K. Management, MK

Management and MK Property are, collectively, the "MK Corporations"), which are owned and

operated by Defendant Miroslaw Karwowski ("Karwowski")(the Weiss Corporations and the MK Corporations are, collectively, the "Corporate Defendants")(Weiss and Karwowski are, collectively, the "Individual Defendants"), states as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA"), and the various regulations and policy statements promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to, Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146; and the common law of the State of New York.

2.  Plaintiff also brings this action against Defendants for their failure to comply with the NYLL §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide annual wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be up to a maximum of $2,500.00 or $5,000.00.

3.  Plaintiff seeks equitable tolling of the statute of limitations under the FLSA and NYLL.

4.  The Individual Defendants are officers, shareholders, managers and/or majority owners of the respective Corporate Defendants.

5.  The Weiss Corporations are in the business of building ownership, management and

leasing in New York City and in New Jersey.

6.    Upon information and belief, the MK Corporations are the captive corporations of the Weiss Corporations and provide services and employees exclusively for the Weiss Corporations.

7.    Plaintiff was employed by Corporate Defendants as an electrician at various buildings that the Weiss Corporations and Weiss own and manage.

8.    Plaintiff was an employee of all Defendants during the six years immediately preceding the initiation of this action and has performed labor and services as an employee as defined by the FLSA, NYLL, and the various regulations, policy statements, and wage orders promulgated thereunder, but Plaintiff has not received the compensation required by the FLSA, NYLL, the various regulations, policy statements, and wage orders promulgated thereunder, and the common law of the State of New York.

9.    As such, Plaintiff was covered by, and/or intended to benefit from, the provisions of the FLSA and NYLL, the various regulations and wage orders promulgated thereunder, and/or the common law of the State of New York in respect to his work for Defendants.

10.   Plaintiff regularly worked over 40 hours per week, but was not properly compensated for the hours that he worked over 40 in a given workweek.

11.   Defendants disregarded and purposefully evaded the FLSA, the NYLL, the various regulations and wage orders promulgated thereunder in a variety of ways: they misclassified Plaintiff as an independent contractor, they did not pay Plaintiff for all hours he worked and did not pay him premium pay for the hours he worked over 40 in a workweek, they did not furnish Plaintiff proper wage notices.

## PARTIES, JURISDICTION AND VENUE

12.     Plaintiff, at all relevant times herein, was and still is a resident of the State of New York, County of Queens.

13.     Defendant 40 Exchange Place, at all relevant times herein was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and upon information and belief presently having its principal place of business at 211 Hewes Street, Brooklyn, NY 11201.

14.     Defendant 247 West, at all relevant times herein was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and upon information and belief presently having its principal place of business at 211 Hewes Street, Brooklyn, NY 11201.

15.     Defendant Linden Realty, at all relevant times herein was and still is a domestic business corporation upon information and belief duly organized under, and existing by virtue of, the laws of the State of New York, and upon information and belief presently having its principal place of business at 211 Hewes Street, Brooklyn, NY 11201.

16.     Defendant MK Property, at all relevant times herein was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and upon information and belief presently having its principal place of business at 211 Hewes Street, Brooklyn, NY 11201.

17.      Defendant M. K. Management, at all relevant times herein was and still is a domestic limited liability company duly organized under, and existing by virtue of, the laws of the State of New York, and upon information and belief presently having its principal place of business at 211 Hewes Street, Brooklyn, NY 11201.

18. Defendant MK Management, at all relevant times herein was and still is a domestic limited liability company duly organized under, and existing by virtue of, the laws of the State of New York, and upon information and belief presently having its principal place of business at 211 Hewes Street, Brooklyn, NY 11201.

19. At all relevant times herein, the Corporate Defendants transacted and still transact substantial business and derived and still derive substantial revenue from services rendered in the State of New York.

20. Defendant Weiss at all relevant times herein was and is a resident of the State of New York, County of Kings.

21. Defendant Karwowski at all relevant times herein was and is a resident of the State of New York, County of Queens.

22. Defendants Weiss and Karwowski upon information and belief hold themselves out as the Principals, Chief Operating Officers, Founders, Presidents and CEOs of the Corporate Defendants and each of them is an officer, director, employee, agent, manager and/or majority shareholder or owner of the Corporate Defendants and, as one of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law and New York Limited Liability Law (**Exhibit 1**).

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 201 et seq. (FLSA); and 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

24. The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in

that the employees of said Defendants produce, sell, handle or otherwise work on goods that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

25. This Court has personal jurisdiction over the Individual Defendants in that they are citizens and residents of the State of New York.

26. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

27. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

### *Facts Relating to Plaintiff's Employment*

28. Corporate Defendants are engaged in the business of residential building ownership, leasing, and management in New York and New Jersey.

29. Defendant Weiss and her family own and/or control either directly or beneficially numerous residential buildings in New York and New Jersey. It is Defendant Weiss and her family's practice to own such buildings through corporations which are set up specifically for the purpose of owning one building, including the buildings owned through the Weiss Corporations.

30. Upon information and belief, Defendant Karwowski is the employee of Defendant Weiss and of the Weiss Corporations. Upon information and belief, Defendant Karwowski set up each of the MK Corporations for the sole purpose of shielding Defendant Weiss and the Weiss Corporations from any liability for employees that these Defendants used to work on their buildings.

31.     Defendant Karwowski and the MK Corporations worked exclusively for the Weiss Corporations.

32.     On or about summer 2007, Plaintiff entered into an oral contract with Defendant Karwowski, whereby Plaintiff would serve as an electrician and work for Defendants in exchange for a specific hourly wage of $20 an hour. The oral agreement with Defendant Karwowski dictated that Plaintiff's regular work hours would be from 8:00 a.m. to 5:00 p.m., Monday through Friday, with a half an hour paid lunch break. Shortly thereafter, Plaintiff received a raise to $25 an hour, which the Plaintiff maintained until his departure from Defendants' employment.

33.     In addition to Plaintiff's regular hours, Plaintiff worked Saturdays from 8:00am to 4:00pm, at least three times a month.

34.     Plaintiff was nominally an employee of the MK Corporations but worked solely on the buildings owned and operated by the Weiss Corporation.

35.     Throughout his employment, Plaintiff reported daily to work in the buildings owned and operated by the Weiss Corporations and either worked at those buildings or was directed by the Weiss Corporation managers and Defendants Karwowski Defendants to go to other buildings to perform work.

36.     From the commencement of Plaintiff's employment in 2007 until approximately 2011, the main office was located at 247 West 38th Street, New York, New York 10018, and thereafter, at 40 Exchange Place, New York, NY 10005.

37.     At all relevant times herein, Plaintiff provided building maintenance services, performing the work of an electrician, at each and every building owned, managed and operated by each and every Corporate Defendant.

38. Throughout his employment, Plaintiff received compensation for his work on the various buildings issued by each and every Weiss Corporation that owned a particular building.

39. Plaintiff worked an average of 45 hours per week, not including Saturday. When Plaintiff did work Saturdays at least three times a month, he worked an average of 53 hours a week.

40. From the onset of Plaintiff's employment with the Defendants, until March 2015, Plaintiff was not paid any premium rate for his work in excess of forty hours per week.

41. Despite being a non-exempt employee performing non-exempt duties throughout his employment, from the onset of Plaintiff's employment with the Defendants until at least March 2015, Plaintiff was not compensated for all hours he worked and for any hours he worked over 40 in a given workweek, either at the regular rate or at the premium overtime rate.

42. Plaintiff's employment ended in or about July 2015.

### *Facts Regarding Corporate Defendants' Status as an Unified Operation*

43. Upon information and belief, the Corporate Defendants are controlled by the same owners, or owner groups, operating as an unified operation and upon information and belief, each provides mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, must be treated as a single enterprise.

44. The Weiss Corporations are, upon information and belief, operated by Defendant Weiss and her family from one location at 211 Hewes Street in Williamsburg.

45. Upon information and belief, the Individual Defendants set up each Corporate Defendant as the putative legal entity that facially appears to be a stand-alone business, but that the

operation of the Corporate Defendants is as a single enterprise, which is ultimately controlled by Defendant Weiss and her family. The Corporate Defendants share common ownership, operate out of the same location, exchange employees, use the same equipment, perform the same contracts, and have the same clients.

46.     As a matter of economic reality, the Corporate Defendants are a single enterprise or are joint employers of the Plaintiff and, as a result, Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

***Corporate Defendants and Individual Defendants are Joint Employers of Plaintiff***

47.     Defendant Karwowski and the Weiss Corporations' owners and managers had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.

48.     At all relevant times herein, upon information and belief, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendants.

49.     At all times relevant herein, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and/or signing or issuing checks to the Plaintiff and by virtue of his position with the Corporate Defendants have been responsible for the proper management and handling of the payroll and payroll calculations for the Corporate Defendants.

50.     At all relevant times, the Individual Defendants have operational control of the Plaintiff's employment by virtue of his financial control over the Corporate Defendants and over the Plaintiff's wages.

51.      At all times herein, the Individual Defendants have conducted business as the Corporate

Defendants.

52.    At all times relevant herein, the Individual Defendants have acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as officers, agents and employees of the Corporate Defendants, and has acted in the course and scope of their duties and functions as agents, employees and officers of the Corporate Defendants.

53.    At all relevant times, the Individual Defendants had operational control over the Corporate Defendants.

54.    Upon information and belief, the Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendants, have assumed personal liability for the claims of the Plaintiff herein.

55.    As a matter of economic reality, all Defendants are joint employers of the Plaintiff and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

***Facts Relating to Defendants' New York Labor Law §195.1 Violation***

56.    In accordance with the New York Labor Law §195.1, which is operative as of January, 2011, on an annual basis Defendants had to present for signature to each employee a wage notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as"

names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

57. Plaintiff never received and never signed the Wage Notice.

58. Defendants were aware or should have been aware that this practice was in violation of New York Labor Law, but continued to willfully engage in this unlawful practice.

59. Upon information and belief, Defendants continue to violate NYLL §195.1 to date.

***The Corporate Defendants are the Alter Egos of the Individual Defendants and Vice Versa***

60. Upon information and belief, the Corporate Defendants are controlled by the Individual Defendants, and upon information and belief, mutually provides supportive services to the substantial advantage such that the entity is operationally interdependent therefore, must be treated as a single enterprise.

61. At all times herein, upon information and belief, the Individual Defendants used the Corporate Defendants in order to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

62. Upon information and belief, in conducting the affairs of Corporate Defendants, the Individual Defendants failed to comply with the corporate formalities, usurped the assets of the Corporate Defendants for personal use, and commingled his personal assets with the assets of Corporate Defendants.

63. Upon information and belief, the Corporate Defendants are the alter egos of the Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate Defendants have no separate legal existence from the Individual Defendants.

***Defendants' Failure to Pay Proper Wages was Willful***

64.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at an overtime premium of 150% of his regular rate for each hour worked in excess of 40 and to make, keep and preserve proper payroll records.

65.     Defendants went to great lengths to shield themselves from liability for their employees' wages by having Defendant Karwowski set up MK Corporations for the sole purpose of enabling them to purposefully evade wage and hour laws and the record keeping requirements.

66.     Defendants purposefully misclassified Plaintiff and other employees as independent contractors, so as to avoid the payment of various benefits to their employment as well as the payment of wages.

67.     The Individual Defendants as well as the owners and managers of the Weiss Corporations were aware of their requirement to pay Plaintiff for each hour worked and at an overtime premium of 150% of his regular rate for each hour worked in excess of 40 hours per week.

68.     Furthermore, Defendant Karwowski acting in concert with Defendant Weiss and the owners and managers of the Weiss Corporations, engaged in serious violations of the FLSA, the NYLL and the wage orders promulgaged thereunder for prolonged periods of time.

69.     As such, the various violations of the law which are alleged herein were committed intentionally and/or willfully by the Individual Defendants.

70.     Defendants have failed to take any steps to ascertain their duties with respect to the

payment of wages to employees.

71.    Defendants willfully and intentionally refused to pay Plaintiff any compensation for hours

worked for all hours he worked and for the hours he worked beyond 40 hours per week.

72.    Defendants wilfully and intentionally refused to pay Plaintiff at an overtime rate for hours

worked beyond 40 hours per week.

73.    Defendants willfully and intentionally refused to pay Plaintiff on time, despite of the fact

that Plaintiff complained, on a routine basis, to his supervisors that he was not receiving

his pay.

74.    As a result, the various violations of law which are alleged herein were committed

intentionally and/or willfully by the Defendants.

***Plaintiff Is Entitled to Equitable Tolling of the Statute of Limitations***

75.    Under federal and state law, employers are responsible for keeping detailed records of

wages, hours and other employment information ( 29 USC §211©, NYLL §§ 195(4), 661;

12 NYCRR §142-2.6).

76.    The FLSA and NYLL require employers to post notices explaining wage and hour

requirements (29 CFR §516.4: 12 NYCRR §142-2.8).

77.    These requirements are substantive obligations that are fundamental underpinnings of the

FLSA and NYLL and critical to ensuring the statutes' effectiveness.

78.    At all times, Defendants evaded their record-keeping obligations, including by failing to

post required information in readily accessible place and/or to furnish wage notices to

Plaintiff.

79.     Plaintff had no knowledge of his overtime rights under the FLSA or the NYLL.

80.     An employer's failure to post notices required by the statutes is an important factor in

determining the propriety of equitable tolling.

81. Defendant evaded their obligations to post notices or to furnish them to Plaintiff.

82. Defendants did not otherwise notify Plaintiff of his rights under the FLSA and NYLL.

83. Equitable tolling of the statute of limitations is therefore warranted.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against all Defendants)

84. Plaintiff repeats and realleges each and every allegation as previously set forth.

85. The respective Plaintiff and Defendants had an oral contract to perform work for Defendants, whereby Plaintiff would provide building maintenance services as an electrician for compensation in the form of a specific hourly wage for all hours worked.

86. This oral contract called for Plaintiff to be paid a specific hourly wage in exchange for Plaintiff working a specified number of hours.

87. Plaintiff satisfactorily supplied labor and complied with the terms of his employment agreement with Defendants and was therefore entitled to wages he rightfully earned while working for the Defendants.

88. Defendants' failure or refusal to pay Plaintiff's wages to which he was entitled under the respective employment agreement with Defendants constitutes a breach of Plaintiff's respective employment agreement with Defendants.

89. That by virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit against all Defendants)

90.     Plaintiff repeats and realleges each and every allegation previously set forth.

91.     Plaintiff performed work and services as a porter for Defendants in good faith.

92.     Defendants, by employing Plaintiff, voluntarily accepted Plaintiff's services.

93.     Plaintiff had a reasonable expectation of payment for the hours worked for Defendants, but Defendants failed to remunerate Plaintiff for all the hours worked.

94.     Plaintiff was entitled to payment for the unpaid hours worked for Defendants at a rate which constitutes the reasonable value of his services, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law against all Defendants)

95.     Plaintiff repeats and realleges each and every allegation previously set forth.

96.     Pursuant to New York Labor Law Articles 6 and 19 and the wage orders promulgated thereunder by the New York State Department of Labor, Plaintiff was entitled to regular wages and overtime wages, which the Defendants intentionally failed to pay in violation of such laws.

97.     Wherefore Plaintiff seeks a judgment against all Defendants for all unpaid wages and unpaid overtime wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the wage orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages and/or unpaid overtime wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest and costs as provided under the New York Labor Law.

## FOURTH CLAIM FOR RELIEF
### (Violation of New York Labor Law § 195.1)

98.     Plaintiff repeats and realleges each and every allegation previously set forth.

99.     New York Labor Law §195.1 mandates as of January 2011 that each employee employed

by Defendants on an annual basis receive for signature a Wage Notice, which had to

contain the following wage rate information: (i) the basis of the employee's wage rates,

e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the

overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the

employer will claim allowances such as tips, meals, and/or lodging against the

minimum wage; (iv) the employer's name and any "doing business as" names; (v)

the employer's address and mailing address, if different; and (vi) the employer's

telephone number.

100.    Plaintiff did not receive and never signed the Wage Notice.

101.    Defendants were aware or should have been aware that this practice violates New York

Labor Law.

102.    Upon information and belief, Defendants' violations are continuing through the present.

103.    As a result of Defendants' violation of NYLL §195.1, Plaintiff is entitled to statutory

damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.

## FIFTH CLAIM FOR RELIEF
### (FLSA against all Defendants)

104.    Plaintiff repeats and realleges each and every allegation previously set forth.

105.    Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 201 et seq., and the

regulations and policy statements issued under the FLSA in Title 29 of the Code of

Federal Regulations, 29 C.F.R. 500 et seq., Plaintiff was entitled to an overtime hourly wage of time and one-half his regular hourly wage for all hours worked in excess of forty hours per week.

106.     Plaintiff worked more than forty (40) hours per week for Defendants, and Defendants willfully failed to make said wage and/or overtime payments.

107.     Plaintiff seeks a judgment for all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

1.  Compensatory damages in an amount to be determined at trial;

2.  Back pay and front pay;

3.  Liquidated damages pursuant to FLSA and New York Labor Law;

4.  Plaintiff's costs and reasonable attorney's fees;

5.  Pre-judgment interest; and

6.  Together with such other and further relief that the Court deems just.

Dated: New York, NY
        June 9, 2017

                              ROBERT WISNIEWSKI P.C.

                              By: */s/ Robert Wisniewski*
                                   Robert Wisniewski
                                   Attorneys for Plaintiff
                                   225 Broadway, Suite 1020
                                   New York, New York  10007
                                   (212) 267-2101

**Exhibit 1**

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO:  LEAH WEISS
     MIROSLAW KARWOWSKI

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that SLAWOMIR CHRZAN intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of: 40 EXCHANGE PLACE CORP., MK PROPERTY MANAGEMENT USA CORP., 247 WEST 38TH REALTY CORP.,  for all debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the said corporation for services performed by him for the said corporations within the ten (10) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       June 9, 2017

ROBERT WISNIEWSKI P.C.

By: */s/ Robert Wisniewski*
    Robert Wisniewski
    Attorneys for Plaintiff
    225 Broadway, Suite 1020
    New York, New York  10007
    (212) 267-2101

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:  40 EXCHANGE PLACE CORP.,
    MK PROPERTY MANAGEMENT USA CORP.
    247 WEST 38TH REALTY CORP.


PLEASE TAKE NOTICE, that SLAWOMIR CHRZAN, on behalf of themselves and on behalf of all others similarly situated, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
    June 9, 2017

ROBERT WISNIEWSKI P.C.

By: */s/ Robert Wisniewski*
    Robert Wisniewski
    Attorneys for Plaintiff
    225 Broadway, Suite 1020
    New York, New York  10007
    (212) 267-2101

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 1102 OF THE NEW YORK STATE LIMITED LIABILITY COMPANY LAW**

TO:    LINDEN REALTY ASSOCIATES LLC
        M. K. MANAGEMENT USA, LLC
        MK MANAGEMENT LLC


      PLEASE TAKE NOTICE, that SLAWOMIR CHRZAN on behalf of himself as employee of the above limited liability companies who intends to demand, pursuant to the provisions of Section 1209 (c) and (d) of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the above limited liability companies for services performed by him for the above limited liability companies within the six (6) years preceding the date of this notice from the ten members with the largest percentage ownership interests of the above limited liability companies, and who has expressly authorized the undersigned, as his attorney, to make this demand on his behalf,

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, information regarding the affairs of, and the record of members of the above limited liability companies and to make extracts therefore on or after five (5) days from receipt of this notice.

      Dated: New York, New York
            June 9, 2017


                        ROBERT WISNIEWSKI P.C.


                        By: ----------//ss//--------------
                        Robert Wisniewski
                        Attorneys for Plaintiff
                        225 Broadway, Suite 1020
                        New York, New York 10007
                        (212) 267-2101

**NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED**

TO:  LEAH WEISS
     MIROSLAW KARWOWSKI

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 609 of the Limited Liability Company Law of New York, you are hereby notified that SLAWOMIR CHRZAN intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest percentage members of LINDEN REALTY ASSOCIATES LLC, M. K. MANAGEMENT USA, LLC, MK MANAGEMENT LLC for all debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the said limited liability companies for services performed by him for the said limited liability companies within the ten (10) years preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       June 9, 2017

ROBERT WISNIEWSKI P.C.

By: */s/ Robert Wisniewski*
    Robert Wisniewski
    Attorneys for Plaintiff
    225 Broadway, Suite 1020
    New York, New York  10007
    (212) 267-2101